## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, BOARD OF TRUSTEES, INTERNATIONAL TRAINING INSTITUTE FOR THE SHEET METAL AND AIR CONDITIONING INDUSTRY, BOARD OF TRUSTEES, SHEET METAL WORKERS' INTERNAITONAL ASSOCATION SCHOLARSHIP FUND BOARD OF TRUSTEES, SHEET METAL OCCUPATIONAL HEALTH INSTUTE TRUST, and the BOARD OF TRUSTEES, NATIONAL ENERGY MANAGEMENT INSTITUTE COMMITTEE, <br><br> Plaintiffs, <br><br> v. <br><br> THE GEILER COMPANY, LLC, <br><br> Defendant. | Civil Action No.  1:24-cv-908-LMB-WEF |

### DEFENDANT THE GEILER COMPANY, LLC'S ANSWER TO THE COMPLAINT

Defendant The Geiler Company, LLC, ("Geiler" or "Defendant"), by and through its attorneys, hereby responds to the Complaint of the Board of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF"), the Board of Trustees of the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), the Board of Trustees of the Sheet Metal Workers' International Association Scholarship Fund ("Scholarship Fund"), the Board of Trustees of the Sheet Metal Occupational Health institute Trust ("SMOHIT"), and the Board of Trustees of the National Energy Management Institute Committee ("NEMIC" and

together with NPF, ITI, Scholarship Fund, and SMOHIT, referred to as "the Funds" or "Plaintiffs") as follows:

## Introduction

1.  No responsive pleading is required from Defendant to Plaintiffs' statements regarding the legal basis and nature of their action contained in Paragraph 1. To the extent that a response is required, Defendant admits that the Complaint purports to set forth a cause of action under § 502(a)(3), (d)(1), (g)(2), and 515 of the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2), and 11145, and Section 301(a) of the Labor Management Relations Act of 1947, *as amended* ("LMRA"), 29 U.S.C. § 185, but denies any wrongdoing or liability in this matter. Defendant denies the remaining averments contained in Paragraph 1.

## Jurisdiction and Venue

2.  No responsive pleading is required from Defendant to Plaintiffs' conclusions of law regarding jurisdiction contained in Paragraph 2. To the extent that a response is deemed to be necessary, Defendant states that it does not contest this Court's jurisdiction over this action, but denies that it committed the violations of the laws asserted by Plaintiffs in this Court's jurisdiction or elsewhere.

3.  No responsive pleading is required from Defendant to Plaintiffs' conclusions of law regarding venue contained in Paragraph 3. To the extent that a response is deemed to be necessary, Defendant states that it does not contest venue in this action.

4.  No responsive pleading is required from Defendant to Plaintiff's statement regarding purported compliance with Section 502(h) of ERISA, 29 U.S.C. § 1132.

## Parties

5.      Defendant admits, upon information and belief, that Board of Trustees, Sheet Metal Workers' National Pension Fund ("NPF") is the collective name of the trustees of the Sheet Metal Workers' National Pension Fund.  Defendant admits that the trustees and plan are individually or jointly referred to as "NPF" in the Complaint.  Defendant admits that NPF is a Plaintiff in this action.  Defendant lacks the knowledge necessary to form a belief as to the location that NPF is administered and, therefore, denies that allegation.  Defendant denies NPF's claim has merit.  The remaining averments in Paragraph 5 state conclusions of law to which no response is required.  To the extent a response is deemed required, any remaining averments are denied.

6.      Defendant admits, upon information and belief, that Board of Trustees, International Training Institute of the Sheet Metal and Air Conditioning Industry ("ITI") is the collective name of the trustees of the International Training Institute of the Sheet Metal and Air Conditioning Industry.  Defendant admits that ITI is a Plaintiff in this action.  Defendant lacks the knowledge necessary to form a belief as to the location that ITI is administered and, therefore, denies that allegation.  Defendant denies ITI's claim has merit.  The remaining averments in Paragraph 6 state conclusions of law to which no response is required.  To the extent a response is deemed required, any remaining averments are denied.

7.      Defendant admits, upon information and belief, that Board of Trustees, Sheet Metal Workers' International Association Scholarship Fund ("Scholarship Fund") is the collective name of the Sheet Metal Workers' International Association Scholarship Fund. Defendant admits that Scholarship Fund is a Plaintiff in this action.  Defendant lacks the knowledge necessary to form a belief as to the location that Scholarship Fund is administered

and, therefore, denies that allegation. Defendant denies the Scholarship Fund's claim has merit. The remaining averments in Paragraph 7 state conclusions of law to which no response is required. To the extent a response is deemed required, any remaining averments are denied.

8. Defendant admits, upon information and belief, that Board of Trustees, Sheet Metal Occupational Health Institute Trust ("SMOHIT") is collectively the name of the trustees of the Sheet Metal Occupational Health Institute Trust. Defendant admits that SMOHIT is a Plaintiff in this action. Defendant lacks the knowledge necessary to form a belief as to the location that SMOHIT is administered and, therefore, denies that allegation. Defendant denies SMOHIT's claim has merit. The remaining averments in Paragraph 8 state conclusions of law to which no response is required. To the extent a response is deemed required, any remaining averments are denied.

9. Defendant admits, upon information and belief, that Board of Trustees, National Energy Management Institute Committee ("NEMIC") is the collective name of the trustees of the National Energy Management Institute Committee. Defendant admits that NEMIC is a Plaintiff in this action. Defendant lacks the knowledge necessary to form a belief as to the location that NEMIC is administered and, therefore, denies that allegation. Defendant denies NEMIC's claim has merit. The remaining averments in Paragraph 9 state conclusions of law to which no response is required. To the extent a response is deemed required, any remaining averments are denied.

10. The averments in Paragraph 10 state conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendant admits Plaintiffs seek to proceed as stated in Paragraph 10, but denies Plaintiffs' claims have any merit.

11. Defendant admits it has been incorporated in the state of Ohio with a principal place of business at 6561 Glenway Avenue, Cincinnati, OH 45211. The remaining averments in Paragraph 11 state conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendant admits these allegations.

**Factual Background**

12. Admitted.

13. Defendant admits it was signatory and bound by a collective bargaining agreement with the Union (meaning Local 24 of the International Association of Sheet Metal, Air, Rail and Transportation Union, as defined in paragraph 12 of the Complaint). The remaining averments in Paragraph 13 purport to summarize provisions of the CBA. Defendant avers that to the extent Plaintiff is alleging language contained in the CBA, the CBA is the best evidence of its contents. Defendant denies all characterizations of the CBA; any inconsistent characterizations are denied. To the extent such characterizations are consistent with the CBA, they are admitted. To the extent such characterizations are inconsistent with the CBA, they are denied.

14. The averments in Paragraph 14 purport to summarize provisions of the CBA. Defendant avers that to the extent Plaintiff is alleging language contained in the CBA, the CBA is the best evidence of its contents. Defendant denies all characterizations of the CBA; any inconsistent characterizations are denied. To the extent such characterizations are consistent with the CBA, they are admitted. To the extent such characterizations are inconsistent with the CBA, they are denied.

15. The averments in Paragraph 15 purport to summarize provisions of the CBA. Defendant avers that to the extent Plaintiff is alleging language contained in the CBA, the CBA

is the best evidence of its contents. Defendant denies all characterizations of the CBA; any inconsistent characterizations are denied. To the extent such characterizations are consistent with the CBA, they are admitted. To the extent such characterizations are inconsistent with the CBA, they are denied.

16. Denied.

17. Denied.

18. The averments in Paragraph 18 appear to summarize provisions of the CBA. Defendant avers that to the extent Plaintiff is alleging language contained in the CBA, the CBA is the best evidence of its contents. Defendant denies all characterizations of the CBA; any inconsistent characterizations are denied. To the extent such characterizations are consistent with the CBA, they are admitted. To the extent such characterizations are inconsistent with the CBA, they are denied.

19. Defendant is without knowledge, information, or belief as to the averments in Paragraph 19 of the Complaint. Therefore, Defendant denies them.

20. The averments in Paragraph 20 state conclusions of law to which no response is required.

21. The averments in Paragraph 21(a)-(d) state conclusions of law to which no response is required. Defendant specifically denies that Plaintiffs are entitled to any of the relief they seek.

22. Denied.

23. Denied.

**Count I**

24. The foregoing paragraphs are incorporated herein as if set forth at length.

25.	The averments in Paragraph 25 state conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant admits that the Complaint purports to set forth a cause of action under § 502(a)(3), (d)(1), (g)(2), and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2), and 11145, and Section 301(a) of the LMRA, 29 U.S.C. § 185.  Defendant denies Plaintiffs' claims have merit.

26.	Denied

27.	The averments in Paragraph 27 state conclusions of law to which no response is required.  To the extent a response is deemed required, these allegations are denied.

28.	Denied

29.	Denied.

30.	Denied.

## Count II

31.	The foregoing paragraphs are incorporated herein as if set forth at length.

32.	The averments in Paragraph 32 state conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant admits that the Complaint purports to set forth a cause of action under § 502(a)(3), (d)(1), (g)(2), and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2), and 11145, and Section 301(a) of the LMRA, 29 U.S.C. § 185.  Defendant denies Plaintiffs' claims have merit.

33.	The averments in Paragraph 33 state conclusions of law to which no response is required.  To the extent a response is deemed required, these allegations are denied.

34.	Denied.

35.	The averments in Paragraph 35 state conclusions of law to which no response is required.  To the extent a response is deemed required, these allegations are denied.

36. The averments in Paragraph 36 state conclusions of law to which no response is required. To the extent a response is deemed required, these allegations are denied.

In response to Plaintiffs unnumbered paragraph titled "Wherefore", Defendant denies that Plaintiffs are entitled to any damages or relief set forth therein, including subsections (1) through (9), and denies that it engaged in any wrongdoing.

**WHEREFORE**, Defendant respectfully requests that this Court deny all relief sought by Plaintiffs and dismiss their Complaint, with prejudice. Defendants request that Plaintiffs be ordered to pay Defendant's attorneys' fees and costs of suit incurred herein; and for other and further relief as the court deems just and proper.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

1. Defendant denies all allegations not specifically admitted herein.

2. Plaintiffs' claims against Defendant are barred by the applicable terms of the collective bargaining agreement, the statutes of limitations or timeliness provisions and/or the doctrine of laches.

3. Plaintiffs' claims are barred on the ground that Plaintiffs failed to exhaust any administrative remedies and appeal procedures available under the terms of the trust agreement.

Respectfully Submitted,

Dated: July 19, 2024

By: */s/ Bradley C. Tobias*
Bradley C. Tobias (VSB No. 88046)
LITTLER MENDELSON, P.C.
815 Connecticut Avenue, NW
Suite 400
Washington, DC 20006

    202.842.3400 Telephone
    202.842.0011 Facsimile
    btobias@littler.com

    Sarah Bryan Fask (*pro hac vice* pending)
    Littler Mendelson, P.C.
    1601 Cherry Street, Suite 1400
    Philadelphia, PA  19102
    267.402.3000 Telephone
    267.402.3131 Facsimile
    Email: sfask@littler.com

 *Attorneys for Defendant The Geiler Company, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2024, I electronically filed the foregoing Answer with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Bradley C. Tobias*
Bradley C. Tobias